IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK ANTHONY WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2735 |
| FOX, *Sgt.*, and | * | |
| KYLE DAVIS, *Deputy*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Mark Anthony Williams filed this civil action pursuant to 42 U.S.C. § 1983 raising a failure to protect claim against Defendants Fox and Davis regarding events that took place at the Cecil County Detention Center ("CCDC") in Elkton, Maryland. ECF #1, 5. Defendants Sgt. Fox and Deputy Kyle Davis ("Defendants") have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF #16. Williams filed correspondence in response to the Motion (ECF #23), and Defendants filed a Reply (ECF #24). Having reviewed the submitted materials, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, the Defendants' motion, construed as a Motion to Dismiss, will be granted due to Williams's failure to exhaust administrative remedies.

### Background

Williams alleges that on June 25, 2020 he was housed in a cell with inmate Brian Weeden. Weeden was "acting crazy," did not have his clothes on, and sexually assaulted Williams. ECF #5 at 3; ECF #1 at 4. Williams was then moved to a different cell and told by a "counselor" that he would not again be placed in contact with Weeden. ECF #5 at 3. Weeden was later moved to the same tier as Williams. *Id.* On August 6, 2020, Williams and Weeden got into an argument. Defendants Fox and Davis then "lied" and said that Williams assaulted Weeden. ECF #1 at 4;

ECF #5 at 3.  Williams received criminal charges relating to his argument with Weeden based on the Defendants' false statements.  ECF #1 at 6.  Williams states that Defendants put his "life in danger" and he is seeking monetary damages.  ECF #1 at 4.

In his Complaint, Williams states that he filed a grievance concerning the facts relating to his complaint to the "WARDEN" and "THE COUNSELOR MR. PERRY."  *Id.* at 6.  He "told them everything they did wrong" and has not heard back from them.  *Id.*  He did not appeal the grievance because he did not receive a response.  *Id.*  In his Supplement to the Complaint, Williams states that he did **not** file a grievance because he was told that he did not need to file one and he was not given "one" [the form] needed.  ECF #5 at 2.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment asserting that the Complaint should be dismissed because Williams has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and that Williams has failed to state a claim for failure to protect under the Eighth Amendment to the United States Constitution.  ECF #16-1 at 7-13.  Defendants also assert they are entitled to Qualified Immunity.  *Id.* at 13-14.

In regard to the defense of exhaustion, Defendants provide a Declaration by Lt. William Jolly, identified as the custodian of records at CCDC.  ECF #16-7.  Jolly attests that he has reviewed Williams's records and "found no evidence that he reported that he was sexually assaulted by Brian Weeden on June 25, 2020" . . . and "also no evidence that he filed a grievance relating to the sexual assault that allegedly occurred on June 25, 2020, or an August 6, 2020, altercation with Mr. Weeden."  *Id.* at 1-2.  Jolly further attests that records show that Williams received a copy of the Inmate Manual that contains the grievance procedures.  *Id.* at 2; ECF #16-9 at 4.  Jolly also declares that he reviewed Williams's "Keep  Separates/Inmate Enemy Report"

and Weeden was placed on that report because of the August 6, 2020 altercation, and not due to any prior incident.  ECF #16-7 at 2; ECF #16-8 at 2.

In response to Defendants' Motion, Williams filed correspondence dated December 28, 2021.  ECF #23.  He states in response to the exhaustion issue that he has "been trying to file a grievance about this matter for months but case management and the guards tell inmate there they can't handout grievance to inmate."  *Id.* at 1.

Defendants filed a Reply to the correspondence noting Williams's failure to set forth factual allegations explaining how he attempted to file a grievance.  ECF #24 at 1.  Defendants also note that Williams's correspondence is unverified.  *Id.* at 1.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment.  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).  The court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]"  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).

**Analysis**

Defendants contend that Williams's Complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), because he did not properly present his claims through the administrative remedy procedure. ECF #16. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 3d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust. *See Ross v. Blake*, 578 U.S. 632, 638-640 (2016).

Ordinarily, a detainee must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

CCDC has an established grievance procedure, set out in the CCDC Inmate Manual. ECF #16-6 at 5. Rule 6.14 directs first, that an inmate "may submit a grievance, verbally or in writing, to a Counselor, who shall attempt to resolve the problem." Second, if the problem cannot be resolved, the inmate "through the Counselor" may submit a formal written grievance to the Grievance Committee. The inmate is entitled to receive the assistance necessary in completing the written grievance and the Counselor "shall submit" the grievance to the Grievance Committee at its next scheduled session. The Committee is to answer the grievance in writing within seven workdays of receipt. Third, the inmate may then file a written appeal to the Director within five workdays of receipt of the Grievance Committee decision. The Director's decision is final.

Based on Williams's unverified complaint and correspondence, it appears that while he may have grieved to the Counselor, which is step one of the process, he did not file a formal written grievance to the Grievance Committee. Williams states that on an unspecified date he filed a

grievance with the warden and the counselor. ECF #1 at 6. He then states, in a Supplement to the Complaint, that he did **not** file a grievance because he was told he did not need to, and he could not get a grievance form. ECF #5 at 2. In subsequent correspondence, Williams states that he has "been trying to file a grievance about this matter for months but case management and the guards tell inmate there they can't handout grievance to inmate." ECF #23 at 1.

Because he is proceeding pro se, Williams's submissions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted). Williams has not provided facts to support his statement that he tried "for months" to file a grievance prior to filing the Complaint. ECF #1. The Complaint dated September 15, 2020, alleges a failure to protect claim based on the August 6, 2020 incident. Williams has provided only a general allegation of his effort to file a grievance during the intervening five week period.

Under the PLRA, Williams would have had to exhaust the grievance process prior to filing the Complaint. On the record before the Court, and in providing Williams the deference that is due a pro se litigant, the Court is unable to conclude that Williams should be excused from the exhaustion requirement due to a lack of access to the grievance system. The claims are, therefore, unexhausted and the Complaint will be dismissed without prejudice.[1]

A separate Order follows.

___5/24/2022_____                    ___/s/_____
Date                                 RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address Defendants' additional defenses insofar as the complaint will be dismissed for failure to exhaust.